

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-29-2003

# Mondesir v. INS

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-3501

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Mondesir v. INS" (2003). *2003 Decisions*. Paper 21.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/21

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 02-3501

DHARLANDE MONDESIR,

Appellant

v.

IMMIGRATION & NATURALIZATION SERVICE

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 02-cv-00735)
District Judge: Honorable James F. McClure Jr.

Submitted Under Third Circuit LAR 34.1(a)
June 27, 2003

Before: SLOVITER, AMBRO, Circuit Judges, and TUCKER*, District Judge

(Filed December 29, 2003)

OPINION

---

*Honorable Petrese B. Tucker, United States District Court Judge for the Eastern District of Pennsylvania, sitting by designation.

AMBRO, Circuit Judge

Dharlande Mondesir appeals an order of the United States District Court for the Middle District of Pennsylvania denying his petition for a writ of habeas corpus on the ground that, under the Foreign Affairs Reform and Restructuring Act ("FARRA"), it did not have jurisdiction to consider Mondesir's claims under the United Nations Convention Against Torture ("CAT"). Because we have subsequently decided, in *Ogbudimkpa v. Ashcroft*, 342 F.3d 207 (3d Cir. 2003), that FARRA does not foreclose habeas jurisdiction over CAT claims, we remand this case to the District Court for consideration of the merits of Mondesir's habeas petition.

**I.**
**Facts and Procedural Posture**

Mondesir was born in Haiti in 1976 and entered the United States as an immigrant in 1987. In 2000, a Pennsylvania state court convicted him of possession with intent to distribute cocaine and sentenced him to a term of imprisonment of 11 to 24 months less one day. The Immigration and Naturalization Service ("INS") then served Mondesir with a notice to appear for removal proceedings, charging that he was subject to removal under 8 U.S.C. § 1227(a)(2)(A)(iiii) (conviction of an aggravated felony) and 8 U.S.C. § 1227(a)(2)(B)(I) (conviction of a controlled substance violation). Mondesir applied for withholding of removal under 8 U.S.C. § 1231(b)(3) and, in the alternative, sought deferral of his deportation under CAT. Finding that Haiti has a policy of automatically

2

detaining all criminal deportees from the United States for an indeterminate period in Haitian prisons where torture is a common practice, the Immigration Judge ("IJ") granted Mondesir a deferral of deportation under CAT and 8 C.F.R. § 208.16. But on appeal from the INS, the Board of Immigration Appeals ("BIA") vacated the IJ's decision and ordered Mondesir deported. Mondesir then filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 along with a motion for an emergency stay of deportation. In August 2002, the District Court concluded that it did not have jurisdiction to review the CAT claim as a petition for habeas corpus and denied Mondesir's petition.[1] Mondesir appealed to our Court and we held the case c.a.v. pending our decision in *Ogbudimpka*, which also raised the issue of whether federal district courts have habeas jurisdiction to hear CAT claims. We filed our decision in *Ogbudimka* on August 22, 2003, and we now proceed to the disposition of Mondesir's appeal.[2]

## II.
## Analysis

Article 3 of CAT provides that no state shall expel, return, or extradite a person to

---

[1] Following the District Court's denial of habeas relief, Mondesir was removed to Haiti.

[2] Mondesir's removal does not moot his petition for review of the District Court's denial of habeas relief because there are "collateral consequences" of the BIA's order of removal. *See Chong v. Quarantillo,* 264 F.3d 378, 385 (3d Cir. 2001) (holding that "the [BIA's] order of removal creates sufficient collateral consequences to render [the alien's] petition a live case or controversy by preventing [the alien] from entering the United States for ten years" pursuant to 8 U.S.C. § 1182(a)(9)(A)(ii)).

3

another state "where there are substantial grounds of believing that he would be in danger of being subject to torture." After the United States formally ratified CAT in 1994, Congress passed implementing legislation, FARRA. Section 2242(d) of FARRA provides that the federal courts may only consider CAT claims as part of the review of final orders of removal under § 242 of the Immigration and Nationality Act. Based on this statutory provision, the District Court concluded that, because Mondesir was not raising his CAT claims on appeal from a final order of removal, it did not have jurisdiction to review his claim in a § 2241 habeas proceeding.

We have since held that, "because § 2242(d) of FARRA fails to state explicitly that a district court may not exercise jurisdiction over habeas corpus claims or mention 28 U.S.C. § 2241, the District Court retains that jurisdiction." *Ogbudimkpa*, 342 F.3d at 216. We reasoned that, in a case involving a similar jurisdiction-stripping provision in another immigration statute, the Supreme Court required an explicit statement of congressional intent to deprive district courts of their pre-existing habeas jurisdiction. *Id*. at 214 (citing *Immigration and Naturalization Service v. St. Cyr*, 533 U.S. 289 (2001)). Finding no such statement of intent regarding FARRA's § 2242(d), and no grounds for distinguishing the Court's analysis in *St. Cyr.*, we remanded Ogbudimkpa's case to the district court for consideration of the merits of his habeas petition. *Id*. at 222. The same reasoning and

4

result apply here.[3]   Thus  we reverse the District Court's decision and remand for it to consider the merits of Mondesir's habeas corpus petition.

---

TO THE CLERK:

Please file the foregoing Opinion.

By the Court,

/s/ Thomas L. Ambro, Circuit Judge

---

[3]We affirm, however, the District Court's denial of Mondesir's claim that § 212(h) of the Immigration and Nationality Act ("INA") violates his equal protection rights and its denial of his claim that the IJ wrongfully denied him withholding of removal under § 241(b)(3) of the INA.  Though Mondesir's Notice of Appeal appealed these portions of the District Court's August 2002 Order, his appellate brief notes that "counsel does not believe that either issue has merit."   (Br. at 23).